**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

David Bentley, #337750, Respondent,

v.

South Carolina Department of Corrections, Appellant.

Appellate Case No. 2013-002692

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

Unpublished Opinion No. 2016-UP-412
Submitted September 1, 2016 – Filed September 28, 2016

**AFFIRMED**

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Appellant.

David Bentley, pro se.

**PER CURIAM:** The South Carolina Department of Corrections (SCDC) appeals the Administrative Law Court's (ALC) ruling regarding whether David Bentley was denied access to the courts. SCDC argues the ALC erred by granting Bentley relief he failed to seek during the inmate grievance process and ruling SCDC must provide Bentley with access to Oklahoma legal materials when the State of

Oklahoma was responsible for providing Bentley with the materials. Also, SCDC asserts the ALC properly found Bentley could not challenge his transfer from Oklahoma to SCDC. We affirm.

We find SCDC's argument regarding whether the ALC erred by granting Bentley relief he failed to seek during the inmate grievance process unpreserved because SCDC raised this argument for the first time to this Court. The ALC sat in an appellate capacity, and SCDC argued only the merits at that time. Thus, it would be inappropriate for this Court to consider this argument. *See State v. Bailey*, 368 S.C. 39, 44, 626 S.E.2d 898, 900 (Ct. App. 2006) (finding it would be inappropriate to rule on an argument the appellant failed to present to the intermediate appellate court).

Additionally, we find SCDC's argument that the ALC erred because Oklahoma was responsible for providing Bentley access to Oklahoma legal materials is unpreserved. SCDC presented three arguments to the ALC: (1) the ALC should dismiss Bentley's appeal because Oklahoma's decision to transfer Bentley to SCDC was not reviewable; (2) the ALC should dismiss Bentley's appeal because Oklahoma's transfer of Bentley to SCDC did not implicate a state-created liberty interest; and (3) Bentley had not been denied access to the courts because he failed to carry "his burden to show actual injury," which is required to succeed on a denial of access claim. SCDC failed to argue that if Bentley had been denied access to the courts it was Oklahoma's responsibility to provide him access. Thus, SCDC failed to present this argument to the ALC, and it is unpreserved. *See Home Med. Sys., Inc. v. S.C. Dep't of Revenue*, 382 S.C. 556, 562, 677 S.E.2d 582, 586 (2009) ("As in other appellate matters, we require issue preservation in administrative appeals."); *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration.").

With regard to SCDC's argument that the ALC properly found Bentley could not challenge his transfer from Oklahoma to SCDC, we decline to address the issue because the ALC ruled in SCDC's favor. Thus, SCDC was not aggrieved by the ALC's order with regard to this issue. *See* Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence or decision may appeal."); *Ritter & Assocs., Inc. v. Buchanan Volkswagen, Inc.*, 405 S.C. 643, 655, 748 S.E.2d 801, 807 (Ct. App. 2013) (declining to address issues on which the appellant prevailed below because he was not aggrieved by the order "with regard to those rulings").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.